IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-779-BO

| | |
|---|---|
| CARRIE WILLIAMS, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN COLVIN, )<br>Acting Commissioner of Social Security, )<br>Defendant. )<br>_____) | **O R D E R** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 15, 19]. A hearing on this matter was held in Edenton, North Carolina, on November 18, 2015. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the judgment of the Commissioner is reversed.

## BACKGROUND

Plaintiff applied for a period of disability and disabled widow's benefits on August 18, 2011, and supplemental security income on August 9, 2011, with an alleged onset date in both applications of February 1, 2008. [Tr. 186–92, 193–99]. Plaintiff's applications were denied initially and upon reconsideration. [Tr. 129–36, 137–46, 142]. A hearing was held via videoconference before an Administrative Law Judge (ALJ) on February 5, 2013. [Tr. 34]. The ALJ issued an unfavorable decision on May 15, 2013, and the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner on September 10, 2014. [Tr. 1]. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Plaintiff's claim is for a closed benefits period, as counsel informed the Court that she was approved as of September 2014 on a subsequent application.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the

alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the disabled widow's benefits status requirements and had not engaged in substantial gainful activity since the alleged onset date. [Tr. 21]. The ALJ found that Ms. Williams's degenerative disc disease of the lumbar spine and arthritis qualified as severe impairments at step two but were not found to meet or equal a listing. [Tr. 21–23]. The ALJ then found that Ms. Williams had the residual functional capacity (RFC) to perform a reduced range of light work with limitations to climbing, stooping, kneeling, crouching, and crawling. [Tr. 23]. Though the ALJ found that Ms. Williams could no longer perform her past relevant work as a housekeeper and kitchen helper, he relied on the testimony of a vocational expert to determine that jobs exist in significant numbers in the national economy that Ms. Williams could perform, including quality control inspector, cashier, and assembler. [Tr. 26–27]. Accordingly, the ALJ concluded that plaintiff was not disabled. [Tr. 28].

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Here, the ALJ rejected the opinion of Dr. Mann, plaintiff's long-time primary care physician, because he found that the opinion was "not based on objective findings, but on the claimant's subjective complaints" and "inconsistent [with] evidence . . . which shows that the claimant has normal strength, sensation,

3

range of motion, and gait." [Tr. 26]. This conclusion is not supported by the record. In fact, the record contains numerous objective findings that support Dr. Mann's opinion that plaintiff could sit for only 45 minutes before needing to stand up, could stand for 15 minutes before needing to sit, would need to take several breaks during the day, and could stand/walk less than 2 hours in an 8 hour workday. [Tr. 306–08].

A 2002 X-Ray showed early anterior lateral osteophytosis at L3, L4, and L5, early degenerative disc disease at L4-L5, and narrowing of the L4-L5 and L5-S1 disc spaces. A March 2013 X-Ray, ordered by the ALJ to supplement the record,[1] revealed multilevel degenerative changes, disc space narrowing, and degenerative osteophyte formation. [Tr. 359–60]. Moreover, Dr. Fernandez's consultative examination is consistent with Dr. Mann's opinion. Dr. Fernandez noted reduced motor function in the left hip and leg, inability to perform range of motion testing with lower spine, and difficulty walking on her heels. [Tr. 274–75]. Additionally, Dr. Midgley's 2011 and 2013 consultative examinations revealed bilateral positive straight leg raises, limited range of motion in the left hip, and severely compromised reflexes, as well as lordotic curve with percussion pain. [Tr. 292–93, 355]. The ALJ's conclusion that Dr. Mann's functional limitations are unsupported, therefore, is erroneous.

The ALJ rejected the opinions of these three doctors, all of whom examined Ms. Williams, finding instead that the opinion of the non-examining state medical consultants "is generally well supported by the objective medical evidence discussed above," except that the 2013 X-Ray demonstrated a need for more restrictions than noted by the state medical consultants. [Tr. 26]. As the opinions of Drs. Fernandez and Midgley corroborate that of Dr. Mann, and the opinions of the state medical consultants rely entirely on the examining doctors' opinions, it is unclear what constitutes the persuasive contradictory evidence required to

---

[1] The record itself contains little evidence, likely due to plaintiff's financial limitations.

4

disregard Dr. Mann's opinion. Because the record contains substantial evidence supporting, rather than contradicting, Dr. Mann's opinion, his opinion deserves controlling weight.

Given the error committed by the ALJ, it is clear that an RFC of light is not supported by substantial evidence. Indeed, it is clear to the Court that the substantial evidence shows that plaintiff can only do sedentary work. All three examining physicians found that plaintiff's limitations were consistent with those defined as sedentary. [Tr. 275, 293, 302–03, 555]. Accordingly, giving Dr. Mann's opinion controlling weight and viewing plaintiff's testimony as credible necessarily dictate a finding that there is no work in the national economy that Ms. Williams is able to perform.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court, in its discretion, finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ clearly explained the basis for his decision and the record before this Court properly demonstrates that there are no jobs in the economy available for plaintiff to perform. Accordingly, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

Case 5:14-cv-00779-BO   Document 25   Filed 12/02/15   Page 5 of 6

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 15] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. This decision of the ALJ is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this __/__ day of December, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE